Hillsborough, }
Nov. 6, 1918. }

WILFRID LAVOIE, *Adm'r*, *v.* NASHUA GUMMED & COATED PAPER
COMPANY.

Mere passive acquiescence by an owner in certain uses of his land by others
   does not constitute a license or invitation; hence merely permitting children
   to pick up paper upon premises did not constitute an invitation or license to
   them or others to do so.
An invitation to come upon premises for one purpose will not invite an entry
   for all purposes.

ACTION, for negligence resulting in the death of the plaintiff's
intestate, a child of seven years.   At the close of the plaintiff's evi-
dence a nonsuit was ordered and the plaintiff excepted.   Transferred
by *Marble*, J., from the September term, 1917, of the superior court.
The facts sufficiently appear from the opinion.

*Henri A. Burque, Martin & Howe* and *Wason & Moran* (*Mr. Howe*
orally), for the plaintiff.

*Doyle & Lucier* and *Albert Terrien* (*Mr. Lucier* orally), for the
defendants.

PARSONS, C. J.   The defendants maintained a loading platform be-
tween their factory or storehouse and the railroad tracks, at the level
of the floor of a freight car.   The platform was 14 feet wide.   Beneath
it about ten feet back from the tracks they had sunk an open barrel
into which steam and hot water wasted from their pipes.   When the
factory was in operation the barrel would be filled with hot water to its
top which was approximately level with the surface of the ground
under the platform.   In loading the defendants' product, pieces of
paper would be torn from the bales and fall upon the tracks and
platform.   There was no approach to the platform except over
the railroad tracks.   The deceased, seven years old, came across the
tracks under cars standing next the platform and went beneath the
platform to get some paper he saw there, fell into the barrel of hot
water and received injuries causing his death.   There were men on
the platform at the time but there was no evidence the child was seen
by them.

   The plaintiff, conceding that the evidence discloses no breach of

duty to a trespassing child, claims that the child who was injured came upon the premises by invitation of the defendants and that they therefore owed him a duty as to the condition of the premises. *Hobbs* v. *Company*, 75 N. H. 73.

The evidence was that children had previously come upon the railroad tracks and platform and picked up paper when they were or might have been seen by employees of the defendants; that children had come upon the platform to bring dinners to, or upon errands for, the workmen; and that upon one or two occasions a man had given a child a piece of colored paper.

Merely permitting children to pick up paper upon the premises was not an invitation or license to them or others to do so. *Clark* v. *Manchester*, 62 N. H. 577, 580. "A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use." *Sweeny* v. *Railroad*, 10 Allen 368, 374.

Obviously the obligation does not extend beyond the use invited. An invitation to use a footbridge for passage would not impose an obligation to make the bridge safe for a road roller. An invitation to come upon the premises for one purpose would not invite entry for all purposes. An invitation to use a way across one corner of a field would not oblige the invitor to make all parts of the field safe for travel. If it could be found children were invited to come upon the platform to do errands to or from the workmen, such invitation would not be an invitation to ransack the premises generally for other purposes. The giving of a piece of paper to a child by one of the workmen, if shown to be permitted or ratified by the defendants, would not be an invitation to all children or to the donee of the paper to take other paper or to search the premises therefor.

As to the final claim of active intervention in failing to prevent the child's going under the platform, it is enough to say, without discussing the legal propositions advanced, that there was no evidence the child was seen on the premises by anyone before the injury.

As the defendants were not bound to erect a child-proof fence to keep trespassing children from the proximity of the barrel, they were not bound to maintain a watchman for that purpose. As they were not bound to maintain a guard, those at work on the platform

were not bound to be on the watch and their failure to detect the child's purpose in season to save his life, if they could by care, is not negligence.

*Exception overruled.*

All concurred.